IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STEVEN THOMASON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:12-cv-604-MHT |
| ) | (wo) |
| ONEWEST BANK, FSB, INDY ) | |
| MAC BANK, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law. (Doc. 4). Pending before the Court is *Defendant's Motion to Dismiss* (Doc. 6). For good cause, it is the Recommendation of the Magistrate Judge that the District Court GRANT the Motion to Dismiss.

**I. DISCUSSION**

By Order of August 9, 2012, the Court set this matter for a Scheduling Conference and Oral Argument on the Defendant's Motion to Dismiss to be held on August 23, 2012 at 11:00 am in Courtroom 4A. (Doc. 9). In this Order the Court stated

> "The plaintiff is specifically cautioned that if he fails to appear as required by this order, the court will treat his failure to appear as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action and the undersigned will recommend that this case be dismissed for such failure."

Very late in the day, on August 22, 2012, the Plaintiff filed a Motion to Continue (Doc. 11), which this court granted and reset the Scheduling Conference and Oral Argument on the motion to Dismiss to August 29, 2012 at 11:00 am.  Again, the Court included the above cautionary language in the Order resetting the hearing. (Doc. 12).  Inexplicably, Plaintiff did not to appear at the August 29, 2012 hearing.  Counsel for the Defendant and the Court did appear for the August 29, 2012 hearing.  Accordingly, the Court concludes that this action warrants dismissal on this basis alone.

The court also concludes, however, that the Defendant's motion to dismiss is due to be granted because the Plaintiff's complaint fails to state a claim upon which relief can be granted.  In his complaint, Plaintiff sues the Defendant bank alleging claims related to an alleged modification of his mortgage, which he argues was due as a result of his wife's death.  Reading the complaint in the light most favorable to the *pro se* Plaintiff, the court understands that Plaintiff alleges the Defendant bank (1) failed to modify his wife's loan under HAMP; (2) failed to permit him to sell his property via a short sale under HAFA; and (3) violated RESPA.

### A.  STANDARD OF REVIEW

All litigants, *pro se* or not, must comply with the Federal Rules of Civil Procedure. Although the court is required to liberally construe a *pro se* litigant's pleadings, the court does not have "license to serve as *de facto* counsel for a party. . .or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of*

*Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted). With this standard in mind the Court now turns to the Defendant's Motion to Dismiss.

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Gilmore v. Day*, 125 F. Supp.2d 468, 471 (M.D. Ala. 2000). It is a low threshold for the non-moving party to survive a motion to dismiss for failure to state a claim in order to reflect the liberal pleading requirements set forth in the Federal Rules of Civil Procedure. *Ancata v. Prison Health Services., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985); *see Gilmore*, 125 F.Supp.2d at 471 (citing *Ancata*). In deciding a 12(b)(6) motion to dismiss, the court will accept the petitioner's allegations as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L. Ed.2d 59 (1984); *Ellis v. General Motors Acceptance Corp.*, 160 F.3d 703, 706 (11th Cir. 1998); *Roberts v. Florida Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir. 1998) (citing *Lopez v. First Union National Bank of Florida*, 129 F.3d 1186, 1189 (11th Cir. 1997)). However, "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004) (quoting *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002)); *see also Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) (conclusory allegations and unwarranted deductions of fact are not admitted as true).[1]

---

[1] *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

## B. ANALYSIS

**1. Plaintiff fails to state a Civil Rights Claim.**

The form on which Plaintiff submitted his complaint appears to allege that there has been some violation of his civil rights. The substance of the complaint, however, focuses solely on issues related to the modification of Plaintiff's wife's loan. However, even if the court were to read Plaintiff's complaint as alleging a civil rights violation governed under 42 U.S.C. § 1983, such a claim could not survive a Rule 12 (b)(6) motion.

Indeed, Plaintiff sues only OneWest Bank, a private entity. Claims brought under 42 U.S.C. § 1983 for violations of Fourteenth Amendment rights, must be asserted against **state** actors. *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999) (emphasis added). Plaintiff has sued only a private company on issues pertaining to the modification of his wife's loan. The law is clear that "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Focus on the Family v. Pinellas Suncoast Transit Authority*, 344 F.3d 1263, 1277 (11th Cir. 2003); *see also Martinez v. Ashtin Leasing, Inc.*, 2011 WL 873302, *1(11th Cir. 2011) (unpublished) (quoting *Pinellas*). Thus, because Defendant is a private entity, any § 1983 claim Plaintiff may have attempted to state is due to be dismissed.

### 2. Plaintiff's HAMP claim fails as a matter of law.

Plaintiff appears to bring a claim for defendant's alleged mishandling of his application for a mortgage modification under the Home Affordable Modification Program. ("HAMP"). The Eleventh Circuit has held, however, that borrowers do not have a private right of action under the HAMP program. *Miller v. Chase Home Fin., LLC,* 677 F. 3d 1113, 1115-17 (11th Cir. 2012). Thus, any claim Plaintiff may have attempted to bring under HAMP warrants dismissal.

### 3. Plaintiff's HAFA claim fails as a matter of law.

In his complaint, Plaintiff alleges that "One West also refuse [sic] to let me sale [sic] my property through the HAFA Program (short sale)". (Doc. 1, at p. 1). Although neither Alabama District Courts nor the Eleventh Circuit have addressed whether there exists a private cause of action under HAFA, HAFA is a part of the expanded HAMP program, and it is designed to incentivize mortgage servicers to use deeds-in-lieu of foreclosure as alternatives to foreclosure. *See* U.S. Dep't of Treasury, Performance and Accountability Report: Fiscal Year 2010 209-10 ((Nov. 15, 2010) describing HAFA as being included in HAMP, which, in turn, is part of MHA, which is part of TARP.). HAFA is merely a component of HAMP; hence, the Eleventh Circuit's reasoning in *Miller* applies equally to the determination of whether a cause of action exists under HAFA. *See*, 667 F. 3d at 1115-1117. Thus, any claim Plaintiff may have attempted to bring under HAFA is due to be dismissed.

**4. Plaintiff's RESPA claim fails as a matter of law.**

In his complaint, Plaintiff alleges that Defendant did "not adhere to RESPA rules and qualified written request for documents during 2 previous bankruptcies attempts to save our home." (Doc. 1 at p. 1). The court reads that statement as an attempt by Plaintiff to state a RESPA claim for Defendant's alleged failure to properly respond to a "qualified written request."[2] However, Plaintiff fails to identify in the complaint the substance and date of any written correspondence to defendant; and he fails even to affirmatively allege that he submitted such a "qualified written request". Thus, the court concludes that Plaintiff fails as a matter of law to state a claim under RESPA; and therefore, the RESPA claim warrants dismissal.

## II.  CONCLUSION

Accordingly, for the foregoing reasons, it is the **RECOMMENDATION** of the Magistrate Judge that Defendant's Motion to Dismiss be **GRANTED** (Doc. 6) and that this action be **DISMISSED** with prejudice against defendant.

It is further **ORDERED** that the parties are **DIRECTED** to file any objections to the

---

[2] Under this subsection:
> If any servicer of a federally related mortgage loan receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days (excluding legal public holidays, Saturdays, and Sundays) unless the action requested is taken within such period.

12 U.S.C. § 2605(e)(1)(A).

said Recommendation not later than **September 19 2012.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 5th day of September, 2012.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE