IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STEVEN THOMASON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:12-cv-604-MHT-TFM |
| ) | |
| ONEWEST BANK, FSB, INDY ) | |
| MAC BANK, ) | |
| ) | |
| Defendant. ) | |

**SUPPLEMENTAL REPORT AND RECOMMENDATION**
**OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 4, filed July 17, 2012). On August 7, 2012, Defendant filed a Motion to Dismiss for Failure to State a Claim. (Doc. 6). This Court set the case for a scheduling conference and hearing on motion to dismiss on August 23, 2012 (Doc. 9) and then granted Plaintiff's Motion to Continue (Doc. 11, filed August 22, 2012) and reset the hearing to August 29, 2012. (Doc. 12). The Plaintiff failed to appear for this hearing. On September 5, 2012, this Court entered a Report and Recommendation granting Defendant's Motion to Dismiss for failure to state a claim and also for Plaintiff's failure to appear. (Doc. 15). Thereafter Plaintiff filed a "Motion to Amend the Complaint and Add Defendants" and

an Objection to the Recommendation. (Doc. 17).[1] On October 4, 2012, Defendant filed a response to Plaintiff's Objections. (Doc. 18). Upon consideration of Plaintiff's Motion to Amend and his Objections to this Court's Report and Recommendation and the Defendant's response thereto, the Court concludes that its September 5, 2012 Recommendation is due to be supplemented as follows.

## DISCUSSION AND ANALYSIS

Pursuant to Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleading with the court's leave and "[t]he court should freely give leave when justice so requires." The Court has carefully reviewed Plaintiff's Motions to Amend (Docs. 17 and 23) wherein he requests that the court grant leave to amend his complaint to "add defendants". (Doc. 17). However, the Court does not read the Motions as including any amendment to Plaintiff's causes of action as stated in his Complaint. "Although the court is required to liberally construe a pro se litigant's pleadings, the court does not have 'license to serve as defacto counsel for a party . . .or to rewrite an otherwise deficient pleading in order to sustain an action.'" *Smedley v. Tripp,* 2010 WL 5600133 at *2 (M.D. Ala. 2010) citing *GJR Investments Inc, v. County of Escambia, Fla.,* 132 F.3d1359, 1369(11th Cir. 1998)(citations omitted); (*overruled on other grounds by Randall v. Scott,* 610 F.3d 701(11th Cir.2010)).

---

[1] In the Objection Plaintiff explains that he did not attend the August 29, 2012 hearing which this Court reset at his request, because he did not receive the Order resetting the hearing until he picked up the certified letter from the post office on September 5, 2012. Accordingly, the Court concludes that Plaintiff's failure to appear at the August 29, 2012 hearing is not a basis for dismissal of this action.

On September 5, 2012, this Court filed a Report and Recommendation which granted Defendant's Motion to Dismiss (Doc. 6) on the basis that Plaintiff's Complaint failed to state a claim under Fed. R. Civ. Pro. 12 (b)(6) and recommended that this action be dismissed with prejudice. Accordingly, the Court concludes that the Motions to Amend (Docs. 17 and 23) should be denied as moot based on the reasoning of this Court's September 5, 2012 Report and Recommendation which grants Defendant's Motion to Dismiss.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge as follows:

1. The Plaintiff's Motions to Amend his Complaint (Docs. 17 and 23) be DENIED As Moot.

2. This case be DISMISSED pursuant to Fed. R. Civ. Pro. 12(b)(6) with prejudice.

It is further ORDERED that the Plaintiff file any objections to the this Recommendation on or before **March 11, 2013.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District

Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 22nd day of February, 2013.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE