IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STEVEN THOMASON, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>ONE WEST BANK, FSB, *et al.,* )<br>)<br>    Defendants. ) | CASE NO. 2:12-cv-604-MHT<br>[wo] |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b)(1), this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Docs. 4, 78). Pending before the Court are Defendants' *Motion to Dismiss Plaintiff's Amended Complaint* (Doc. 93, filed 7/14/16), Defendant *EvaBank's Motion to Dismiss Plaintiff's Amended Complaint* (Doc. 94, filed 7/14/16), and Defendant *EvaBank's Renewed Motion to Dismiss* (Doc. 99, filed 8/18/16). Also pending before the Court are Plaintiff's Motion for Leave to File Notice of Errata and to Amend Complaint with attachments (Doc. 98, filed 8/10/16), *EvaBank's Objection to Incorporation of Prior Pleadings and Motion to Strike "Affidavit"* (Doc. 104, filed 9/16/16), and Plaintiff's Motion for Affidavit to be allowed in the record and Motion for Summary Judgment as to Fraud by Eva Bank (Doc. 105, filed 10/11/16).

After a careful review of the motions, responses, replies, and pleadings, the Magistrate Judge recommends the motions to dismiss (Docs. 93, 94, 99) be GRANTED in part and DENIED in part, the motion to amend (Doc. 98) be DENIED, the Notice of Errata (Doc. 98) be DENIED without prejudice), the motion to strike (Doc. 104) be GRANTED, and the motion for leave to file affidavit / motion for summary judgment (Doc. 105) be DENIED without prejudice.

I. BACKGROUND AND PARTIES

The relevant documents demonstrate that on November 28, 2005, Plaintiff's wife, Priscilla A. Thomason borrowed $78,375.00 from EvaBank pursuant to two separate promissory notes. *See* Doc. 93, Ex. A. Plaintiff did not sign the notes and was not a "borrower" under the terms of the loan. As security, Plaintiff and his wife gave two mortgages to MERS, as nominee for EvaBank and its successors and assigns. *See* Doc. 93, Ex. B. The Mortgages encumbered the residence located in Montgomery, AL where Plaintiff and his wife resided. Doc. 93, Doc. 89 at ¶ 10. The Loan was subsequently transferred and assigned to Deutsche Bank. *See* Doc. 93, Ex. C. In October 2009, Plaintiff's wife passed away. *See* Doc. 89 ¶ 26. After her death, the loan fell into default and was referred to foreclosure. *See* Doc. 89 ¶¶ 28, 44.

Plaintiff sent several letters to Defendants seeking information about modifying his loan. The Eleventh Circuit summarized these letters as follows:

> In the first letter dated November 30, 2011, Mr. Thomason stated that he was a borrower on the mortgage, explained that his wife had died and asked OneWest to place his name on the mortgage. In the second letter, dated May 10, 2012, he asked why he was not listed on the loan despite having signed the mortgage papers and contributing money to payments. In his third and fourth letters, both dated June 4, 2012, Mr. Thomason informed IndyMac that it was in violation of RESPA, provided additional details about the loan, and requested a HAMP modification package. The letters all included the account number for the loan.

*See Thomason v. OneWest Bank, et al.,* 596 Fed. Appx. 736, 738 (11th Cir. 2014); Doc. 42 at p. 5. After receiving no relief, Plaintiff filed his complaint in this Court on July 11, 2012. *See* Doc. 1. The Court originally dismissed the causes of action, but did not provide Plaintiff with an additional chance to amend. *See* Docs. 15, 27, 30, 31. After Plaintiff appealed, the Eleventh Circuit affirmed in part and reversed/remanded in part. The Eleventh Circuit affirmed the dismissal with prejudice of Plaintiff's § 1983 claims for violations of HAMP/HAFA. The Court reversed on the denial of leave to amend and stated Plaintiff sufficiently stated a cause of action under RESPA.

The Eleventh Circuit also instructed that new claims may be entertained.

An Amended Complaint (Doc. 89) was filed following partial reversal and remand of this case from the Eleventh Circuit. *See Thomason,* 596 Fed. Appx. 736; Doc. 42. Following the entry of the Eleventh Circuit opinion, the Court entered an order which stated as follows:

> Upon consideration of the December 16, 2014 Opinion of the Eleventh Circuit Court of Appeals in the instant action, it is ORDERED that on or before January 29, 2015, Plaintiff shall file an amended complaint with this Court which clearly states the factual allegations which support his claim brought under the Real Estate Settlement Procedures Act ("RESPA") and the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et. seq.*, the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, the Fair Housing Act ("FHA"), 42 U.S.C. ' 3605; and the Alabama Deceptive Trade Practices Acts, Alabama Code ' 8-19-1 *et seq.* and adds any new defendants.

*See* Doc. 44.

On March 3, 2015, Plaintiff filed a 27-page Amended Complaint. *See* Doc. 49. Defendants filed their respective Motions to Dismiss (Docs. 56 and 66) and Plaintiff filed a Motion for Summary Judgment (Doc. 69). Thereafter, the Court entered an Order which "determined that plaintiff may benefit from participation in the Pro Se Assistance Program (PSAP)." and directed the Clerk of the Court to provide necessary documentation to Plaintiff and for Plaintiff to return the forms to the Court before March 11, 2016 if he was "interested in participating in the program." *See* Doc. 76. In light of allowing an amended complaint, the Court further denied the then-pending dispositive motions with leave to renew and granted the motion for more definite statement. *See* Doc. 78.

PSAP Counsel appeared for Plaintiff for the limited purpose of assisting Plaintiff in the preparation of another amended complaint. *See* Docs. 85, 86, 87.[1] Thereafter, Plaintiff filed his

---

[1] Plaintiff notified the Court that he met with counsel assigned through the PSAP program and received "helpful" instruction in filing his Amended Complaint. *See* Doc. 85. Even so, because Plaintiff proceeds *pro se*, the Court remains mindful of the liberal standard applied to *pro*

Motion to Amend and Amended Complaint. *See* Doc. 89. The Court granted the motion to amend. *See* Doc. 92.

The current Amended Complaint is 34 pages long and alleges a number of violations under several statutes. For clarity, the Court breaks down the claims as follows:[2]

(1) Violations of the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691(a) against only Defendant Eva Bank. *See* Doc. 89 at p. 22.

(2) Civil Rights Violations pursuant to 42 U.S.C. §§ 1981, 1982 against all Defendants. *See* Doc. 89 at p. 23.

(3) In accordance with the Eleventh Circuit's opinion, Plaintiff clearly makes allegations of the Real Estate Settlement Procedures Act 12 U.S.C § 2601 against all Defendants except EvaBank. *See* Doc. 89 at p. 26.

(4) Fair Housing Act, 42 U.S.C. § 3605, against all Defendants. *See* Doc. 89 at p. 27-31.

(5) Fair Debt Collection Protection Act, 15 U.S.C.A. § 1692a against all Defendants. *See* Doc. 89 at p. 31.

(6) RICO Conspiracy, 18 U.S.C. § 1962 and 18 U.S.C.§ 1341 against all Defendants. *See* Doc. 89 at p. 32.

(7) Alabama Deceptive Trade Practices Act. *See* Doc. 89 at p. 33.

---

*se* pleadings. Indeed, although the court is required to liberally construe a pro se litigant's pleadings, "this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

[2] Plaintiff's Amended Complaint contains no claim for violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.* As such, the claim is deemed abandoned. Further, the Eleventh Circuit in its opinion affirmed the previous dismissal of a number of claims.

On July 14, 2016, the Defendants' filed their respective motions to dismiss.  *See* Docs. 93, 94.  The Court will address Defendants' Motions to Dismiss with respect to those claims stated in the Amended Complaint which are properly before the Court pursuant to the December 16, 2014 Opinion of the Eleventh Circuit (Doc. 42) and this Court's subsequent Order (Doc. 44).

On August 10, 2016, Plaintiff timely filed his response to the motions to dismiss.  *See* Doc. 97.  Concurrent with his response, he filed a Notice of Errata and Motion to Amend Complaint.  *See* Doc. 98.  Defendant EvaBank objected to the Notice of Errata and motion to amend and renewed its motion to dismiss.  *See* Doc. 99.  Thomason responded to the objection to which EvaBank filed a reply, and Thomason filed a sur-reply.  *See* Docs. 100, 101, 102.  EvaBank filed an objection to the sur-reply to include a motion to strike.  *See* Doc. 104.  Finally, Thomason filed a motion for summary judgment and attached an affidavit that he wished entered into the record.  *See* Doc. 105.  EvaBank again objected and asserted its opposition to an early motion for summary judgment.  *See* Doc. 106.

**II. STANDARD OF REVIEW**

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint.  In order to survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp., v. Twombly,* 550 U.S. 544, 547, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929. (2007).  The standard for a motion to dismiss under Rule 12(b)(6) was explained in *Twombly* and refined in *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L. Ed. 2d 868 (2009) as follows:

> Two working principles underlie our decision in *Twombly*.  First, the tenet that a court must accept as true all the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.  Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing

> more than conclusions. Second, only a complaint that states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief.

*Iqbal,* 556 U.S. at 678 (citations and internal edits omitted).

The *Twombly-Iqbal* two-step analysis begins "by identifying the allegations in the complaint that are not entitled to the assumption of truth" because they are conclusory. *Mamani v. Berzain,* 654 F.3d 1148, 1153 (11th Cir. 2011) ("Following the Supreme Court's approach in *Iqbal,* we begin by identifying conclusory allegations in the Complaint."). After conclusory statements are set aside, the *Twombly-Iqbal* analysis requires the Court to assume the veracity of well-pleaded factual allegations, and then to determine whether they "possess enough heft to set forth 'a plausible entitlement to relief.'" *Mack v. City of High Springs,* 486 Fed. App'x 3, 6 (11th Cir. 2012) (quotation omitted.) "To survive a motion to dismiss, a complaint need not contain 'detailed factual allegations' but instead the complaint must contain 'only enough facts to state a claim to relief that is plausible on its face.'" *Maddox v. Auburn Univ. Fed. Credit Union,* 441 B.R. 149, 151 (M.D. Ala. 2010). Establishing facial plausibility, however, requires more than stating facts that establish mere possibility. *Mamani,* 654 F.3d at 1156 ("The possibility that - if even a possibility has been alleged effectively - these defendants acted unlawfully is not enough for a plausible claim."). Plaintiff is required to "allege more by way of factual content to nudge [her] claim . . . across the line from conceivable to plausible." *Iqbal,* 556 U.S. at 683 (internal editing and citation omitted.)

### III. DISCUSSION AND ANALYSIS

**A.    Motion to Amend**

Plaintiff has also filed a "Motion for leave of Court to File by Notice of Errata and or

Motion to Amend the Complaint" (Doc. 98).  Plaintiff has been given numerous opportunities to amend.  Though Plaintiff is *pro se*, the Court even ensured some legal assistance by way of a volunteer attorney in the Court's PSAP program.  Since this case returned to the district court, Plaintiff filed his original amended complaint and then with the assistance of a PSAP attorney, filed another complaint.  As such, the motion to amend (Doc. 98) should be denied as to the request to amend.

**B.     Evidence Attached to Various Pleadings**

Plaintiff and Defendants have attached to their pleadings various evidentiary matters. Normally the Court should not consider evidence when analyzing a Rule 12(b)(6) motion to dismiss.

In the instant matter, Defendants attached documents to the Motion to Dismiss (Doc. 93) which include the Notes (Doc. 93-1), the Mortgage (Doc. 93-2), and the Assignment of the Mortgage (Doc. 93-3).  When considering the appropriate standard to apply on a motion to dismiss where parties have filed documents outside the complaint with the Court, the Eleventh Circuit has held that "the court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed.  In this context, 'undisputed' means that the authenticity of the document is not challenged."  *D.L. Day, v. Taylor,* 400 F.3d 1272, 1276 (11th Cir. 2005) (citing *Horsley v. Feldt,* 304 F.3d 1125, 1134 (11th Cir. 2002)).

The Court concludes that the documents attached to Defendants' Motions to Dismiss the Amended Complaint are cognizable.  The authenticity of the documents is undisputed and the Eleventh Circuit already concluded the documents are central to Plaintiff's RESPA claim. Indeed, the Eleventh Circuit recognized that the attached documents included the mortgage and

the note at issue, letters sent by Plaintiff to IndyMac about the loan and foreclosure, and correspondence from IndyMac to Plaintiff's wife acknowledging receipt of the "potentially [] qualified written request under RESPA." *See* Doc. 42 at pp. 5-6. Accordingly, the Court concludes that the Defendants' Motions to Dismiss (Docs. 93 and 94) are properly before the Court for resolution under Rule 12(b)(6).

Plaintiff also attaches a number of documents to his "Notice of Errata and motion to amend complaint" (Doc. 98) and the "Motion for Affidavit of Luscious Trimble to be Allowed into the Record and Motion for Leave to File Motion for Summary Judgment." (Doc. 105). Defendant Evabank objections to the motion to amend / notice of errata and the evidentiary attachments. *See* Doc. 98. The Court agrees with the objection to the extent it seeks to amend the complaint and further incorporate the evidentiary attachments and prior pleadings. Plaintiff attaches numerous documents which are not appropriate for review on a 12(b)(6) motion. At this stage of the proceedings, the Court declines to apply a standard for summary judgment. *See* Fed. R. Civ. P. 12(d). On their face, the attachments to his Notice of Errata clearly establish that they do not pass the two-prong test (central to the plaintiff's claim and undisputed). As such, they will not be considered.

With regard to the request to file summary judgment and evidence, the Court finds that it is not appropriate at this point in the proceedings, and denies the motion (Doc. 105) without prejudice and leave to refile at a later point in the proceedings after the exchange of discovery has occurred.

**C.     Claims**

    **1.     Claims not permitted by the scope of the Eleventh Circuit Opinion.**

To the extent that Plaintiff's amended Complaint can be read to state any § 1983 claims for

violations of HAMP and HAFA, the Defendants' Motions to Dismiss are due to be granted based on the doctrine of the law of the case. *See Newman v. Ormond,* 456 F. App'x 866, 867 (11th Cir. 2012). Indeed, the Eleventh Circuit specifically affirmed the district court's dismissal of these claims with prejudice. *See Thomason*, 596 Fed. Appx. at 740; Doc. 42 at p. 11. Moreover, Plaintiff's claims for violation of the Equal Credit Opportunity Act 15 U.S.C. §§ 1691(a) and 1691e(f) (Count 1); Civil Rights violations of §§ 1981 and 1982 (Count 2); the Fair Debt Collection Protection Act (Count 7); RICO Conspiracy claim (Count 8) are arguably outside the scope of the Eleventh Circuit opinion since they were not specifically mentioned by the Eleventh Circuit as claims which Plaintiff sought to add in his prior Motion to Amend. However, because the Eleventh Circuit opinion does not expressly limit Plaintiff to those claims specifically stated in its Opinion (Doc. 42 at p. 11-12), the Court will address the Defendants' Motions to Dismiss with respect to each claim raised by the Amended Complaint (Doc. 89).

**2. The Equal Credit Opportunity Act Claim (Count 1)**

Plaintiff alleges that Defendant Eva Bank discriminated against him because of his race with respect to "extending credit and making the loan" and in so doing did violate the Equal Credit Opportunity Act. (Doc. 89 pp. 22-23). Further, Plaintiff alleges that he was denied a loan modification because of his race. (Doc. 89 pp. 7-8). Defendants seek to dismiss this claim pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiff fails to state a claim under the "plausibility standard" of *Twombly* and *Iqbal* for discrimination pursuant to the Equal Credit Opportunity Act. *See Henderson v. JP Morgan Chase Bank,* 436 Fed. Appx. 935, 937 (11th Cir. 2011) (Dismissing claims for discrimination including those brought pursuant to the Equal Credit Opportunity Act for failing to allege facts "showing that similarly-situated loan applicants outside her racial class were offered more favorable loan terms"). The Court has carefully reviewed

Plaintiff's Amended Complaint (Doc. 89) and concludes it fails to state a claim for discrimination pursuant to the Equal Credit Opportunity Act because Plaintiff makes no allegations that "similarly-situated loan applicants outside . . . [his] racial class were offered more favorable loan terms." *Id.*  Accordingly, Defendants' Motions to Dismiss are due to be granted as to the Equal Credit Opportunity Act claim.

### 3. The 42 U.S.C. §§ 1981, 1982 Claims (Count 2)

Plaintiff also brings claims for civil rights violations pursuant to 42 U.S.C. §§ 1981 and 1982.[3]  These code sections grant equal rights to all persons within the jurisdiction of the United States to "make and enforce contracts" and to "inherit, purchase, lease, sell, hold, and convey real and personal property".  Plaintiff argues that Defendants are libel to him because they "refus[ed] to modify Plaintiff's loans as similarly situated white customers did." (Doc. 89 pp. 23-24). Thus, giving Plaintiff's Amended Complaint (Doc. 89) a liberal reading as this Court is required to do since Plaintiff proceeds *pro se*, the Court concludes that the Plaintiff states a plausible claim against Defendants for discrimination in his loan modification process. *Iqbal,* 556 U.S. 683. Accordingly, the Court concludes that Plaintiff states a claim pursuant to §§ 1981, 1982 for alleged discrimination against him in the modification process concerning his loan.  However, the statute of limitations applicable to these claims is two years. *See Moore v. Liberty National Life Insurance Company*, 267 F.3d 1209, 1219 (11th Cir. 2001) (Borrowing state statute of limitations periods in §§ 1981 and 1982 actions "namely, the residual state statute of limitations for personal injury torts," since neither statute contains a limitation.).  Thus, the Court concludes that

---

[3]     The Eleventh Circuit specifically dismissed with prejudice Plaintiff's § 1983 claims for violations of HAMP and HAFA.  To the extent that Plaintiff seeks relief solely under code sections l981 and 1982, the Court will address Defendants' Motions to Dismiss as to those specific claims hereinafter in Section 2.

Defendants Motions to Dismiss are due to be granted on these claims with respect to modification proceedings occurring prior to March 3, 2013, but are due to be denied with respect to any modification proceedings occurring after March 3, 2013.[4]

### 4. The RESPA Claim (Count 3)

The Eleventh Circuit concluded that "[a]ccepting Mr. Thomason's allegations as true, as we must, Mr. Thomason was entitled to written explanations in response to his qualified written requests.  The allegations in his proposed amended claim that IndyMac failed to respond accordingly are sufficient to state a claim for relief under RESPA." *Thomason*, 596 Fed. Appx. at 740 (citation omitted); Doc. 42 at p.11.  Accordingly, the Eleventh Circuit concluded that "Mr. Thomason's proposed amended RESPA claim sufficiently stated a cause of action, and he should have been given leave to amend."  *Id.*   Thus, the Eleventh Circuit remanded "with instructions to the district court to allow Mr. Thomason to amend his RESPA claim."  *Id.* at 740-41; Doc. 42 at p. 12.

Plaintiff filed an amended RESPA claim wherein he alleges that Defendants "violated" his multiple qualified written requests dated November 30, 2011, March 24, 2012, May 10, 2012, and June 4, 2012 because they "denied Plaintiff's ownership of property" which lead to "discriminating against borrowers on a prohibited basis in approving or denying loan modifications."  *See* Doc. 89 p. 26-27.  The Eleventh Circuit previously recognized that documents attached to Plaintiff's Motion for leave to Amend demonstrated the following:

---

[4]   The Court notes Defendants argued in their briefs that §§1981, 1982 claims are due to be dismissed since none of the Defendants are private actors.  It certainly is true that §1983 claims cannot be brought against private actors. *See Focus on the Family v. Pinellas Suncoast Transit Authority*, 344 F.3d 1263, 1277 (11th Cir. 2003).   However, the same is not true for claims brought pursuant to §1981 and §1982.  *See Moore, id.,* (Section 1981 and 1982 claims brought against private actors).

> In the first letter dated November 30, 2011, Mr. Thomason stated that he was a borrower on the mortgage, explained that his wife had died and asked OneWest to place his name on the mortgage. In the second letter, dated May 10, 2012, he asked why he was not listed on the loan despite having signed the mortgage papers and contributing money to payments. In his third and fourth letters, both dated June 4, 2012, Mr. Thomason informed IndyMac that it was in violation of RESPA, provided additional details about the loan, and requested a HAMP modification package. The letters all included the account number for the loan.

*Thomason*, 596 Fed. Appx. at 738; Doc. 42 at p. 5. The Eleventh Circuit explained that under RESPA a "qualified written request" is defined as the following:

> A "qualified written request" is defined as a "written correspondence . . . that (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and (ii) includes a statement of the reasons for the belief of the borrower . . . that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower."

*Id*. at 739-40; Doc. 42 p. 9 (citing 12 U.S.C. § 2605(e)(1)(B)). Furthermore, a lender is obligated to respond to a written request from a borrower within sixty days of receipt of the qualified written request. *Id*. (citing 12 U.S.C. § 2605(e)(2)). Plaintiff alleges that Defendants failed to respond to his written requests which resulted in his inability to get a loan modification. This Court concludes, as the Eleventh Circuit did previously, that Plaintiff has stated a claim for relief under RESPA. Accordingly, the Court concludes that Defendants' Motions to Dismiss are due to be denied as to Plaintiff's RESPA claim.

### 4. The Fair Housing Act Claim (Counts 4, 5, and 6)

Plaintiff alleges Defendants violated the Fair Housing Act, 42 U.S.C. § 3605, during the process of originating the loan and during the process of his repeated attempts to have the loan modified due to the death of this wife. Defendants argue that this claim is due to be dismissed on statute of limitations ground. *See, e.g., Allen v. Hous. Auth. Of City of Auburn, Ala.*, 2015 WL 874316 at *3, 2015 U.S. Dist. LEXIS 23679 (M.D. Ala. Feb. 27, 2015), *aff'd* 638 Fed. Appx 825 (11th Cir. 2015) (quoting 42 U.S.C. § 3613 (a)(1)(A)). Specifically, Defendants argue that the

two-year statute of limitations bars this claim because the origination of the loan occurred in 2005, which was seven years before the initial complaint was filed and eight years before Plaintiff first raised the FHA claims. Also, they argue that many, but not all, of Plaintiff's modification efforts also occurred subsequent to the two-year statute of limitations. The Court agrees that Plaintiff's FHA claim with respect to origination of the mortgage is due to be dismissed based on the two-year statute of limitations. However, the Court concludes that Plaintiff's FHA claim with respect to modification of the mortgage survives the Defendants' Motions to Dismiss. Indeed, giving Plaintiff's Amended Complaint (Doc. 89) a liberal reading as this Court is required to do since Plaintiff proceeds *pro se*, the Court concludes that the Plaintiff states a plausible claim against Defendants under the FHA with respect to the modification process. *Iqbal,* 556 U.S. 683.

### 5. The Fair Debt Collection Protection Act Claim (Count 7)

In order to state a claim under the FDCPA, Plaintiff must allege that defendant is a "debt collector." *Reese v. Ellis, Painter, Ratterrre & Adams, LLP*, 678 F. 3d 1211, 1216 (11th Cir. 2012) (citing 15 U.S.C. § 1692e). The Eleventh Circuit has specifically stated that mortgage loan servicers and banks are not debt collectors when their principal purpose of business is not to serve as third-party debt collectors. *Davidson v. Captial One Bank,* 797 F.3d 1309, 1311 (11th Cir. 2015). The Court carefully reviewed Plaintiff's Amended Complaint (Doc. 89) and concludes that Plaintiff fails to allege that Defendants are "debt collectors" or that the "principal purpose" of any Defendants' business is the "collection of debts." Accordingly, Plaintiff fails to state a claim for relief under the FDCPA and Defendants' Motions to Dismiss are due to be granted on this claim.

### 6. The RICO Conspiracy Claim (Count 8)

To establish a RICO violation under 18 U.S.C. § 1962(c), Plaintiff must "satisfy four

elements of proof: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Aeropower, Ltd. v. Matherly,* 511 F. Supp. 2d 1139, 1148 (M.D. Ala. 2007). A pattern of racketeering activity is defined as "two 'predicate acts' of racketeering activity within a 10-year period." *Id.* at 1148-1149 (citing 18 U.S.C. § 1961(5)). To survive a motion to dismiss, Plaintiff must "allege facts sufficient to support at least two of the predicate acts of racketeering activity." *Id.* (citing *Republic of Panama v. BCCI Holdings*, 119 F. 3d 935, 949 (11th Cir. 1997)). The Court carefully reviewed Plaintiff's Amended Complaint and concludes that Plaintiff fails to allege two "predicate acts" as defined in 18 U.S.C. § 1961(1) which Defendants allegedly committed. Plaintiff makes a vague allegation of mail fraud under 18 U.S.C. § 1341, but fails to state any other predicate act. Accordingly, the Court concludes Defendants' Motions to Dismiss on the RICO claims are due to be granted.

**7. The Alabama Deceptive Trade Practices Act Claim**

To the extent Plaintiff seeks to state a claim for violations of the Alabama Deceptive Trade Practices Act ("ADTPA"), Defendants Motions to Dismiss are due to be granted because the statute does not apply to mortgage loans. *See Deerman v. Fed. Home Loan Mortgage Corp.,* 955 F. Supp. 1393, 1399 (N.D. Ala. 1997). The ADPTA provides a private cause of action to consumers, which it defines as "a person who buys goods or services for personal, family or household use." Ala. Code § 8-19-3(2). "[A] mortgage loan is not a good or service under the Alabama DTPA." *Deerman*, 955 F. Supp. at 1399. Accordingly, the Court concludes that Defendants Motions to Dismiss are due to be granted on the ADTPA claim.

### IV.   REMAINING CLAIMS

The Court notes it is difficult to discern from Plaintiff's Amended Complaint the Defendants which Plaintiff alleges committed the acts forming the basis of Plaintiff's claims.

After careful review and consideration of the Amended Complaint, and the Motions to Dismiss, the Court concludes that Plaintiff does not bring a claim under RESPA against Defendant Eva Bank.  Accordingly, as explained in Section 4, *supra*, Plaintiff's RESPA claim survives against One West Bank, FSB, Mortgage Electronic Registration Systems, Inc., Deutsch Bank, and Ocwen Loan Servicing, LLC.  The Court further concludes that for the reasons discussed in Section 5, *supra*, Plaintiff's FHA claim with respect to the modification proceedings occurring after March 3, 2013 survives against all Defendants -- Eva Bank, One West Bank, FSB, Mortgage Electronic Registration Systems, Inc., Deutsch Bank, and Ocwen Loan Servicing, LLC. The Court also concludes that for the reasons discussed in Section 2, *supra*, Plaintiff's §1981 and §1982 claims with respect to the modification proceedings occurring after March 3, 2013 survives against all Defendants -- Eva Bank, One West Bank, FSB, Mortgage Electronic Registration Systems, Inc., Deutsch Bank, and Ocwen Loan Servicing, LLC.  All other claims, as stated in Plaintiff's Amended Complaint, are due to be dismissed against all Defendants.

## V. CONCLUSION

For the reasons articulated in this opinion, it is the RECOMMENDATION of the Magistrate Judge as follows:

(1) The Defendants' Motions to Dismiss (Docs. 93, 94, 99) be GRANTED in part and DENIED in part;

(2) The motions to dismiss be DENIED as to Plaintiff's claims brought against all Defendants pursuant to the Real Estate Settlement Procedures Act 12 U.S.C § 2601 RESPA;[5]

(3) The Motions to Dismiss be GRANTED as to Plaintiff's claims brought pursuant to

---

[5] The Court notes that Plaintiff did not allege a RESPA claim against Defendant EvaBank.

    Equal Credit Opportunity Act, 15 U.S.C. § 1691(a); the Fair Debt Collection Protection Act, 15 U.S.C. § 1692a; RICO Conspiracy, 18 U.S.C. § 1962 and 18 U.S.C.§ 1341, and the Alabama Deceptive Trade Practices Act.

(4) The Motions to Dismiss be GRANTED on Plaintiff's claims for discrimination brought pursuant to 42 U.S.C. §§ 1981, 1982 with respect to the origination proceedings which all occurred prior to March 3, 2013, and shall be DENIED as to Plaintiff's claims for discrimination brought pursuant to 42 U.S.C. §§ 1981, 1982 with respect to any modification proceedings occurring after March 3, 2013.

(5) The Motions to Dismiss be GRANTED on Plaintiff's claim for violations the Fair Housing Act, 42 U.S.C. § 3605 with respect to the origination proceedings which all occurred prior to March 3, 2013 and shall be DENIED as to Plaintiff's claims for violations of the Fair Housing Act, 42 U.S.C. § 3605 with respect to any modification proceedings occurring after March 3, 2013.

(6) Plaintiff's Motion for Leave of Court to File by Notice of Errata and or Motion to Amend Complaint (Doc. 98) be DENIED. The denial as to the evidentiary attachments is without prejudice to file the attachments in a later pleading.

(7) Defendant EvaBank's Motion to Strike Affidavit (Doc. 104) be GRANTED to the extent it seeks the Court disregard the evidence attached to Document 102, Affidavit of Luscious Trimble.

(8) Plaintiff's Motion for Leave to File an Affidavit and Motion for Summary Judgment (Doc. 105) be DENIED without prejudice.

  It is further ORDERED that the Plaintiff file any objections to this Recommendation on or before **March 15, 2017**. Any objections filed must specifically identify the findings in the

Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 1st day of March, 2017.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE