IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
STEVEN THOMASON,              )
                              )
     Plaintiff,               )
                              )    CIVIL ACTION NO.
     v.                       )      2:12cv604-MHT
                              )          (WO)
ONE WEST BANK, FSB,           )
et al.,                       )
                              )
     Defendants.              )
```

OPINION

Plaintiff Steven Thomason filed this lawsuit against the defendant lenders, mortgage holders, and loan servicers, asserting a variety of federal claims related to a home loan and his efforts to avoid foreclosure. This lawsuit is now before the court on the recommendation of the United States Magistrate Judge that defendants' motions to dismiss plaintiff's case be granted in part and denied in part; that plaintiff's motion for leave to amend the complaint be denied; that defendant Eva Bank's motion to strike an affidavit be granted; and that plaintiff's motion for

leave to file an affidavit and motion for summary judgment be denied without prejudice. Also before the court are all parties' objections to the recommendation. After an independent and de novo review of the record, the court concludes that the objections should be overruled and the magistrate judge's recommendation adopted, with the following exceptions and caveats.

First, because of the confusing nature of the current record, the court is of the opinion that defendants' objections would be better taken up on summary judgment. Accordingly, the court overrules defendants' objections with leave to renew their arguments on summary judgment.

Second, plaintiff objects to the magistrate judge's application of a two-year statute of limitations to his claims under 42 U.S.C. §§ 1981 & 1982, and argues that the proper statute of limitations is four years under 42 U.S.C. § 1658. See Baker v. Birmingham Board of Education, 531 F.3d 1336, at 1338 (11th Cir. 2008);

Jones v. R.R. Donnelly & Sons Co., 541 U.S. 369, 382 (2004); Rivers v. Roadway Express, Inc., 511 U.S. 298, 312 (1994).  As this issue has not been fully briefed by the parties, the court will leave the issue for resolution on summary judgment and will overrule the part of the recommendation dismissing plaintiff's §§ 1981 & 1982 claims prior to March 3, 2013.

Finally, the court pauses to explain its reason for overruling plaintiff's objection to the denial of leave to amend the complaint.  Motions to amend should be liberally granted in the interests of justice.  Fed. R. Civ. P. 15(a)(2).  The proposed amended complaint plaintiff submitted was much the same as his earlier amended complaint but had attached to it many documents that flesh out his claims.  Plaintiff apparently sought to amend the complaint in response to the arguments in one of the motions to dismiss that he had not sufficiently alleged the relevant facts about certain critical documents (which he attached as exhibits to the proposed amended complaint) and that he

3

had not clearly alleged which defendants had violated which laws.

Having reviewed the proposed amended complaint and the documents attached to it, the court concludes that allowing plaintiff to amend his complaint would not change its decision on the report and recommendation and would not change the scope of the potentially meritorious claims plaintiff can litigate. As the court does not sustain the defense objections to which plaintiff's amended complaint sought to respond, the amendment is unnecessary. Furthermore, plaintiff will be allowed to submit the documents he attached to the proposed amended complaint as evidence of his claims as the litigation proceeds. For these reasons, the court overrules the objection and adopts the recommendation that the motion to amend be denied without prejudice.

An appropriate judgment will be entered.

DONE, this the 22nd day of March, 2017.

    /s/ Myron H. Thompson
    **UNITED STATES DISTRICT JUDGE**