IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STEVEN THOMASON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 2:12-cv-604-MHT-WC |
| | ) |
| ONE WEST BANK, FSB, INDY MAC BANK, et al. | ) |
| | ) |
| Defendants. | ) |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

**I.  INTRODUCTION**

Before the Court is Plaintiff Steven Thomason's ("Thomason" or "Plaintiff") Motion for *Motion for Relief from Final Judgment under Rule 60(b)(6) & Temporary Injunction* (Doc. 235, filed January 7, 2019) and Defendants' briefs in opposition (Docs. 238 & 239, filed January 18, 2019) and Plaintiff's reply thereto (Doc. 240, filed February 8, 2019). Pursuant to 28 U.S.C. § 636(b)(1), this case was referred to the undersigned United States Magistrate Judge for review and submission of a recommendation as may be appropriate. Doc. 4. For the reasons that follow, the undersigned Magistrate Judge RECOMMENDS that Plaintiff's motion for relief from final judgment is due to be DENIED.

**II.  DISCUSSION**

"Rule 60(b)(6) is the 'catch-all' ground for relief under Rule 60(b)." *Galbert v. West Carribean Airways,* 715 F. 3d 1290, 1294 (11th Cir. 2013). The law is well settled; "'[f]ederal courts grant relief under Rule 60(b)(6) only for extraordinary circumstances.'" *Nat'l Union Fire Ins. Co., v. Virginia Cavins & Progressive Sys., Inc.,* 2007 WL 2692723 at * 3 (M.D. Ala. Sept. 11, 2007) (quoting *Rease v. AT&T Corp.,* 239 Fed. App.'x 481, 483 (11th Cir. 2007). Although

"a clear-cut change in the law" may in certain circumstances provide the basis for relief under Rule 60(b)(6), "something more than a 'mere' change in the law is necessary." *Ritter v. Smith,* 811 F.2d 1398, 1401 (11th Cir. 1987); *Madura v. BAC Home Loans Servicing, LP,* 734 Fed. App'x 629, 633 (11th Cir. 2018) ("Additionally, more than a mere change in the law is necessary to provide grounds for Rule 60(b)(6) relief; the petitioner must persuade [the court] that the circumstances are sufficiently extraordinary to warrant relief.") (citing *Ritter,* 811 F. 2d at 1401)).

Importantly, a "new law" such as a new statue – as opposed to an intervening and clear-cut change in the interpretation of previously-existing law – simply cannot provide the basis for relief under Rule 60(b)(6). *See Raven v. Oppenheimer & Co., Inc.,* 74 F.3d 239, 243 n.9 (11th Cir. 1996); *O'Hara v. LaHood,* 756 F. Supp. 2d 75, 79–80 (D.D.C. 2010) ("In concluding that *[Plaut v. Spendthrift Farms, Inc.,* 514 U.S. 211 (1995)] does not permit courts to use their discretion under Rule 60(b)(6) to acquiesce in the congressional overruling of decided cases, this Court is in accord with the decision of other courts regarding the propriety of reopening a case under Rule 60(b)(6) in response to a change in statutory law.")

Plaintiff filed this case on July 11, 2012. Doc. 1.  The Court entered summary judgment in favor of the Defendants on March 26, 2018. Doc. 214.  Over the course of this litigation, Plaintiff has filed numerous motions with the Court including several motions to reconsider opinions and orders and motions for sanctions/contempt against Defendants and their attorneys.  Plaintiff has also filed four different appeals to the Eleventh Circuit Court of Appeals – USCA Case Numbers 13-11987, 1713205, 18-11764, 18-12065.  This last appeal was dismissed on November 15, 2018. Doc. 234.  Then on January 7, 2019, Plaintiff filed the instant Rule 60(b)(6) motion and accompanying request for a temporary restraining order with this Court. Doc. 235.  This Court denied the motion for temporary restraining order on January 8, 2019. Doc. 236.

The Court has carefully reviewed Plaintiff's Rule 60(b)(6) motion and understands that Plaintiff attempts to allege that recent regulations promulgated by the Consumer Financial Protection Bureau regarding "successors in interest" in the mortgage loan context provide him a basis for relief from this Court's final judgment granting summary judgment to the Defendants. Indeed, Plaintiff claims that "[c]ircumstances warranting 60(b)(6) relief is a subsequent change in the law rendering the prior ruling inequitable." Doc. 235 at ¶ 1.  He further claims that "[t]he New Law went into effect April 19, 2018 and are covered by the Real Estate Settlement Procedures Act (RESPA) and Truth in Lending Act." *Id.* at ¶ 2.  He also claims that "[t]he Defendants have violated this action for years against [him] and this new action occurred last week." *Id.* at ¶ 20.  Thus, the Court understands Plaintiff to argue that summary judgment entered on March 26, 2018 should be vacated based this "new law" and "new action [that] occurred last week."

In support, Plaintiff argues that "the rules now provide potential successors in interest a private right of action." Doc. 239 at ¶ 22.  However, Plaintiff provides no law to support this statement; nor does it appear that any such law exists.  Indeed, the Consumer Financial Protection Bureau itself has acknowledged that potential successors in interests have NO private right of action for any alleged violation of the regulations that Plaintiff references. *See* Amendments to the 2013 Mortgage Rules Under the Real Estate Settlement Procedures Act (Regulation X) and the Truth in Lending Act (Regulation Z), 81 Fed. Reg. 72,175 (Oct. 19, 2016).  Moreover, the Court is intimately familiar with the procedural history and the facts of this case and concludes Plaintiff states no new facts in the motion to support his claims which have previously been dismissed by this Court.  Therefore, because the Court does not read Plaintiff's motion — as confusing as it is — to supply any facts or argument which could satisfy the "extraordinary circumstances" standard,

*Rease,* 239 Fed. App.'x at 483, the Court concludes that Plaintiff's motion for relief from final judgment under Rule 60(b)(6) (Doc. 235) is due to be denied.

## III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's *Motion for Relief from Final Judgment under Rule 60(b)(6) & Temporary Injunction* (Doc. 235) be DENIED.

It is further ORDERED that the parties may file any objections to this Recommendation on or before **April 19, 2019.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 5th day of April 2019.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE